**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Westbrook, | No. CV-25-01061-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Quality Loan Service Corporation, et al., | |
| Defendants. | |

Plaintiff has filed a pair of motions for entry of default as to Defendants Quality Loan Service Corporation ("Quality Loan") and Select Portfolio Servicing Incorporated ("SPS"). (Docs. 9, 10.) However, the only proof of service Plaintiff has filed on the docket is a "PS Form 3811"—which is the U.S. Postal Service's domestic return receipt form—purporting to show that unspecified documents were mailed to an address associated with Quality Loan in San Diego, California. (Doc. 6.) Although there is a squiggle in the "Signature" section of the form that might be some person's signature, the "Received by (Printed Name)" box is empty. (*Id.*)

This document is insufficient to establish proof of service as to either defendant. Indeed, the document does not purport to show that SPS was served. As for Quality Loan, an initial and dispositive problem is that the document does not indicate which documents were included in the mailing (and, thus, does not establish that both the complaint and summons were included).

Furthermore, the document is inadequate to show compliance with the applicable

rules regarding service. Rule 4(h)(1) of the Federal Rules of Civil Procedure provides that a corporation in a judicial district of the United States must be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant" or "in the manner prescribed by Rule 4(e)(1) for serving an individual." Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that service may be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

Pursuant to § 415.30 of the California Code of Civil Procedure, the summons and complaint can be "mailed (by first-class mail or airmail, postage prepaid) to the person to be served," together with a return envelope, postage prepaid, addressed to the sender and two copies of a notice and acknowledgement with specified verbiage. Cal. Civ. Proc. Code § 415.30(a). The notice informs the recipient that failure to date and sign the acknowledgement and return it to the sender within 20 days may subject the recipient to liability for service by other means. *Id.* § 415.30(b). Service under § 415.30 is completed only if the acknowledgement is returned to the sender. *Id.* § 415.30(c). Otherwise, service must be attempted by other means. *Id.* § 415.30(d).

"[A] postal service return receipt does not suffice as a substitute for an executed acknowledgement" because "the court cannot determine" from a return receipt "when or even if defendant signed and returned a proper acknowledgment such that service pursuant to § 415.30 was effected." *Xu v. City of Los Angeles*, 2023 WL 6194140, *1 (C.D. Cal. 2023) (citation omitted). *See also Buckelew v. Gore*, 2020 WL 4188166, *5 (S.D. Cal. 2020) ("Without the inclusion of two copies of a notice and acknowledgment form and a pre-paid, pre-addressed return envelope, the Court cannot find that Plaintiff substantially complied with § 415.30. The Court is mindful that Plaintiff is a *pro se* litigant, but at least one other court in this District has reached the same conclusion when applying California

1  law to a motion to quash a *pro se* plaintiff's service for failure to substantially comply with
2  § 415.30.  In *Bovier v. Bridgepoint Education/Ashford University*, the *pro se* plaintiff
3  attempted to serve the defendants by mail pursuant to CCP § 415.30 but failed to include
4  two copies of the notice and acknowledgment form and a return envelope.  The *pro se*
5  plaintiff argued that a certifying acceptance official had signed the postal return receipts,
6  but the court found that return receipts were not a substitute for an executed
7  acknowledgment of return of summons, and the plaintiff had not otherwise demonstrated
8  compliance with § 415.30.  Accordingly, the court quashed service due to the plaintiff's
9  failure to strictly comply with the notice and acknowledgment and return envelope
10 requirements of § 415.30.") (cleaned up).

11      Accordingly,

12      **IT IS ORDERED** that Plaintiff's motions for entry of default (Docs. 9, 10) are
13 **denied**.

14      Dated this 10th day of June, 2025.

_____
Dominic W. Lanza
United States District Judge