**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Westbrook,<br><br>            Plaintiff,<br><br>v.<br><br>Quality Loan Service Corporation, et al.,<br><br>           Defendants. | No. CV-25-01061-PHX-DWL<br><br>**ORDER** |

On April 1, 2025, Plaintiff initiated this action by filing the complaint. (Doc. 1.) The complaint names two Defendants: (1) Quality Loan Service Corporation ("Quality Loan"); and (2) Select Portfolio Servicing ("SPS"). (*Id.*) Plaintiff was advised at the outset of the case that "[s]ervice of the summons and complaint on each defendant must occur within 90 days of filing the complaint. If service cannot occur within 90 days, a request for an extension may be filed before expiration of the 90-day period. . . . This order serves as an express warning that the Court will dismiss this action, without further notice to Plaintiff(s), with respect to any Defendant that is not timely served." (Doc. 4 at 1-2.)

During earlier stages of the case, Plaintiff filed a purported proof of service as to Quality Loan (Doc. 6) and then filed a pair of motions for entry of default against both Defendants (Docs. 9, 10). In a June 10, 2025 order, the Court denied both motions, explaining that the Plaintiff's purported proof of service—a U.S. Postal Service domestic return receipt form showing that unspecified documents were mailed to an address allegedly associated with Quality Loan and received by an unspecified person on April 3,

2025—did not mention SPS at all and was insufficient proof of service as to Quality Loan because the filing did "not indicate which documents were included in the mailing" and did not "show compliance with the applicable rules regarding service," which allow mailing but require receipt of a signed and dated acknowledgement containing specified verbiage. (Doc. 11 at 1-2.) The only way to effectively show proof of service under this service method is to file a copy of this signed-and-returned acknowledgement, which is different than a postal service return receipt. (*Id.* at 2.)

On June 13, 2025, SPS filed a motion to dismiss the complaint on various grounds, including for failure to state a claim under Rule 12(b)(6) and for lack of proper service under Rule 12(b)(5). (Doc. 15.) The motion also asks the Court to declare Plaintiff a vexatious litigant. (*Id.*)

On June 16, 2025, Plaintiff filed an affidavit of service, which he filled out and signed, attesting that certain documents described as "stopsale, FDCPA violation and Rule 65" were sent to Quality Loan via certified mail with return receipt on April 3, 2025. (Doc. 18 at 1.) Plaintiff also attached the same return receipt (Doc. 6) he previously filed as purported proof of service. (Doc. 18 at 3.)[1] The affidavit appears to be an attempt to rectify the two problems noted in the June 10, 2025 order, but it fails to do so. First, although the affidavit vaguely describes the documents sent, the description appears to refer to the contents of the complaint, with no mention of an accompanying summons.[2] Second, Plaintiff's affidavit cannot take the place of what is required by Cal. Civ. Proc. Code § 415.30, made applicable via Fed. R. Civ. P. 4(h)(1) and 4(e)(1)—a dated and signed acknowledgement from the recipient, which must be "substantially" in the form provided by § 415.30. *See also Barlow v. Ground*, 39 F.3d 231, 234 (9th Cir. 1994) ("Although California law does permit service of a summons by mail, such service is valid only if a

---

[1] That same day, Plaintiff filed documents indicating that he had served both Defendants with a motion for a temporary restraining order ("TRO") he had previously filed. (Docs. 19, 20.) Those filings do not indicate that either Defendant was served with the complaint or a summons.

[2] This omission is unsurprising, as the docket contains no evidence that a summons for either Defendant was ever delivered to the Clerk for signature and seal.

1  signed acknowledgment is returned and other requirements are complied with.").

2  Also on June 16, 2025, Plaintiff filed another motion for entry of default as to
3  Quality Loan and SPS. (Doc. 21.) The only basis for this request is the aforementioned
4  April 3, 2025 mailing to Quality Loan. (*Id.* at 4-5 ¶¶ 2, 5.) SPS opposes this request. (Doc.
5  22.)

6  Under LRCv 7.2(c), Plaintiff's deadline to respond to SPS's motion to dismiss was
7  June 27, 2025. That deadline has now expired and Plaintiff has not filed a response.

8  Given this backdrop, the Court rules as follows. First, Plaintiff's most recent motion
9  for entry of default must be denied because it is simply a rehash of his earlier motions for
10 entry of default. The reasons set forth in the June 10, 2025 order for rejecting Plaintiff's
11 attempted proof of service are incorporated into this order. Plaintiff still has not
12 demonstrated compliance with the applicable service-related rules, and additionally, it
13 appears that his mailing to Quality Loan did not include a summons.

14 Second, as for Quality Loan, more than 90 days have now elapsed since Plaintiff
15 filed the complaint, yet Plaintiff still has not properly served Quality Loan or sought an
16 extension of time to complete service. Plaintiff was explicitly warned at the outset of the
17 case that dismissal could result under these circumstances. Although the Court could *sua*
18 *sponte* extend the service deadline (and typically errs on the side of providing such
19 extensions in cases involving *pro se* litigants), such an extension is unwarranted here given
20 Plaintiff's track record of seemingly meritless foreclosure-delay litigation and given
21 Plaintiff's failure to heed the Court's earlier orders explaining why his service efforts were
22 insufficient. Accordingly, Quality Loan is dismissed under Rule 4(m) for failure to effect
23 timely service.

24 Third, as for SPS, dismissal is warranted for the same reasons—more than 90 days
25 have now elapsed since Plaintiff filed the complaint, yet Plaintiff still has not properly
26 served SPS or sought an extension of time to complete service. Dismissal of SPS is also
27 warranted for the additional reason that Plaintiff failed to respond to SPS's motion to
28 dismiss, which raises a lack of proper service under Rule 12(b)(5) as one of the bases for

dismissal and which may be summarily granted under LRCiv 7.2(i) in light of Plaintiff's failure to respond.

The Court acknowledges that SPS raised, in its motion, various reasons why the dismissal here should be with prejudice, whereas a dismissal for failure to effect service is without prejudice. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). However, there is no need to resolve SPS's potentially more complicated merits-based dismissal arguments in light of the lack of proper service, which provides an independent basis for dismissal. *See, e.g., Yarbrough v. Bayview Loan Servicing, LLC*, 2020 WL 7347870, *4 n.5 (N.D. Ga. 2020) ("Because Plaintiffs' claims against Najarian Capital and Chase are subject to dismissal under Rule 12(b)(5) for failure to effect service of process, the Court need not reach Najarian Capital's argument that the claims are also subject to dismissal pursuant to Rule 12(b)(6) for failure to state a plausible claim for relief."); *Jackson v. Warden, FCC Coleman-USP*, 259 F. App'x 181, 182-83 (11th Cir. 2007) ("Because Jackson failed to serve defendants properly, we find that this case should have been dismissed without prejudice. It was, therefore, improper for the district court to have reached the merits in this case and to have issued a dismissal with prejudice.").

Finally, the Court also acknowledges that SPS included, in its motion to dismiss, a request to designate Plaintiff as a vexatious litigant and a fleeting request for attorneys' fees under A.R.S. § 12-341.01(A). (Doc. 15 at 19-20.) The Court declines to grant either form of relief in light of the fact that the dismissal here is for lack of service. Furthermore, it appears the foreclosure sale of Plaintiff's property (which Plaintiff sought to forestall through this litigation) has now occurred,[3] such that the risk of future foreclosure-delay litigation is mitigated. *See generally Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1061-62 (9th Cir. 2014) ("Restricting access to the courts is, however, a serious

---

[3] *See* https://legacy.recorder.maricopa.gov/UnOfficialDocs/pdf/20250363256.pdf [https://perma.cc/XUZ6-5X3C] (June 24, 2025 Trustee's Deed Upon Sale).

- 4 -

matter. The right of access to the courts is a fundamental right protected by the Constitution. . . . Profligate use of pre-filing orders could infringe this important right, as the pre-clearance requirement imposes a substantial burden on the free-access guarantee . . . . Out of regard for the constitutional underpinnings of the right to court access, pre-filing orders should rarely be filed . . . .") (cleaned up).

Accordingly,

**IT IS ORDERED** that:

1. SPS's motion to dismiss and to declare Plaintiff a vexatious litigant (Doc. 15) is **granted in part and denied in part**.

2. Defendant SPS is **dismissed without prejudice** under Rules 4(m) and 12(b)(5).

3. Plaintiff's motion for entry of default (Doc. 21) is **denied**.

4. Defendant Quality Loan is **dismissed without prejudice** under Rule 4(m).

5. The Clerk shall enter judgment accordingly and terminate this action.

Dated this 10th day of July, 2025.

Dominic W. Lanza
United States District Judge